IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:08-cv-02086-PAB-MJW

ROYAL ALLIANCE ASSOCIATES, INC.,

    Plaintiff,

v.

GEORGE R. JOYCE,
DOROTHY R. JOYCE,
MARK L. THOMPSON, trustee for the
MARK L. THOMPSON TRUST, and
ROSALIN ROGERS,

    Defendants.

## ORDER REGARDING CONFIDENTIALITY AND INADVERTENT PRODUCTION OF PRIVILEGED DOCUMENTS (Docket No. 34)

In order to facilitate the production of documents in the above-referenced case, and protect Royal Alliance Associates, Inc.'s ("Royal Alliance") and George R. and Dorothy R. Joyce, Mark L. Thompson, Trustee for the Mark L. Thompson Trust, and Rosalin Rogers's (collectively, "the Joyce Defendants") (together, "the parties") legitimate interests in protecting confidential or proprietary information, and information protected by the attorney-client privilege, work product doctrine, and/or trial preparation doctrine, it is hereby ordered as follows:

**A.    INFORMATION SUBJECT TO THIS ORDER**

    1.    This Order governs the access to, use, and distribution of the following categories of "Confidential" Documents:

        a.    Materials and information provided to Royal Alliance from United Securities or vice-versa and communications between Royal Alliance and United

Securities related to the March 1, 2007 transaction between Royal Alliance and United Securities Alliance, Inc. ("United Securities");

    b. Internal Royal Alliance documents and communications containing confidential commercial information regarding Royal Alliance's evaluation of the deal, including, but not limited to, emails and notes;

    c. Documents received by the Joyce Defendants in discovery in the *George R. Joyce, et al. v. United Securities Alliance, Inc., et al.* FINRA arbitration and which have been designated as confidential by Respondents in that arbitration for purposes of that arbitration.

    d. Documents supplied by the Joyce Defendants relating to their taxes, businesses, investments, and financial accounts and affairs.

The "March 1, 2007 transaction" is defined as the asset purchase agreement between Royal Alliance and United Securities Alliance on or about that date and all related negotiations before and after that agreement between these parties relating to the sale of a business and business assets and transfer and coordination of business activities.

    2. Documents and information falling under the categories set out in 1 above shall be marked "Confidential" prior to production. With respect to documents, the copy of the document, when produced, shall bear the clear and legible designation "Confidential." With respect to answers to interrogatories or requests for admissions, the pages of those responses containing "Confidential" information shall be so marked. With respect to any deposition, such treatment may be invoked by: (1) declaring the same on the record at the deposition or (2) designating specific pages as "Confidential" and serving such designations within 30 days of receipt of the transcript of the deposition in

which the designations are made. The entirety of all deposition transcripts shall be treated as "Confidential" for the 30-day period following receipt of the transcript.

3.  If the receiving party disagrees with the designation of any information or document as "Confidential," then counsel shall meet and confer in an effort to resolve the disagreement within 30 days after production of the information. If the dispute cannot be resolved within the 30-day period or at the meet and confer, the receiving party shall have the right to file a motion challenging said designation no later than 20 days from the date of the conclusion of the meeting or the meet and confer period. Any information designated as "Confidential" shall remain subject to the terms of this Order unless otherwise required by order of this Court.

**B.   DISCLOSURE OF CONFIDENTIAL INFORMATION**

Except as the producing party shall authorize in writing, information designated "Confidential" shall not be used or disclosed for any purpose other than in this case and in the *George R. Joyce, et al. v. United Securities Alliance, Inc., et al.* FINRA arbitration, and will not be used in any other cases or litigation. In addition, the information designated "Confidential" shall be disclosed only to the following categories of persons:

1.  Counsel for either party;

2.  The parties, provided that such persons agree to be bound by the provisions of this Order and have executed the Understanding and Agreement in the form attached hereto as Exhibit "A";

3.  Experts and consultants employed by either party, provided that such persons agree to be bound by the provisions of this Order and have executed the Understanding and Agreement in the form attached hereto as Exhibit "A;"

4. Court officials (including court reporters, persons operating video recording equipment at depositions, and any special master appointed by the Court), provided that such information filed in Court or disclosed in pleadings shall be filed under seal; and

5. Trial witnesses and deponents, provided that such persons agree to be bound by the provisions of this Order and the jurisdiction of this Court and have so indicated on the record under oath or have executed the Understanding and Agreement in the form attached hereto as Exhibit "A."

## C. RETENTION OF CONFIDENTIAL INFORMATION

1. Counsel for both parties shall retain information designated "Confidential" in their custody and control and shall take the necessary precautions to prevent persons not authorized as provided above from obtaining access to such information.

2. Within 90 days after the conclusion of this litigation (including all appeals), upon the written request of the producing party, all "Confidential" information shall either be returned to the producing party or counsel shall certify that all such information has been destroyed.

## D. NON WAIVER

1. The failure of the producing party to designate information produced in discovery as "Confidential" at the time of its production shall not preclude that party from later designating the information as "Confidential" by promptly notifying the receiving party of that designation. Disclosure of such information prior to the time it is designated as "Confidential" shall not constitute a violation of this Order. The failure of the receiving party to challenge the designation of information as "Confidential" at the

time of its disclosure shall not be deemed a waiver of its right to challenge the propriety of such designation at a later time.

E.  **INADVERTENT DISCLOSURE**

1.  The inadvertent production of any document or other information during discovery in this action shall be without prejudice to any claim that such material is protected by any legally cognizable privilege or evidentiary protection including, but not limited to, the attorney-client privilege or the work product doctrine, and no party shall be held to have waived any rights by such inadvertent production.

2.  Upon written notice of an unintentional production by the producing party or oral notice if notice must be delivered at a deposition, the receiving party must promptly return or destroy the specified document and any hard copies the receiving party has and may not use or disclose the information until the privilege claim has been resolved. To the extent that the producing party insists on the return or destruction of electronic copies, rather than disabling the documents from further use or otherwise rendering them inaccessible to the receiving party, the producing party shall bear the costs of the return or destruction of such electronic copies.

3.  To the extent that the information contained in a document subject to a claim has already been used in or described in other documents generated or maintained by the receiving party, then the receiving party will sequester such documents until the claim has been resolved. If the receiving party disclosed the specified information before being notified of its inadvertent production, it must take reasonable steps to retrieve it. The producing party shall preserve the specified information until the claim is resolved.

4. The receiving party shall have 10 days from receipt of notification of the inadvertent production to determine in good faith whether to contest such claim and to notify the producing party in writing of an objection to the claim of privilege on the grounds for that objection.

5. The producing party will then have 20 days from the receipt of the objection notice to submit the specified information to the Court under seal for a determination of the claim and will provide the Court with the grounds for the asserted privilege or protection. Any party may request expedited treatment of any request for the Court's determination of the claim, provided that the receiving party shall have a reasonable opportunity to respond to the grounds asserted by the producing party.

6. Upon a determination by the Court that the specified information is protected by the applicable privilege, and if the specified information has been sequestered rather than returned or destroyed, the specified information shall be returned or destroyed.

7. Upon a determination by the Court that the specified information is not protected by the applicable privilege, the producing party shall bear the costs of placing the information back into any programs or databases from which it was removed or destroyed and render accessible any documents that were disabled, unless otherwise ordered by the Court.

**F.   TRIAL**

1. Nothing herein is intended to govern, limit, or affect the right of any party to use "Confidential" information in the trial of this action, provided that such "Confidential" information is submitted and filed under seal and shall not be made

available to anyone other than the trier of fact and those persons authorized to see such information pursuant to Section B of this Order.

## G. LIMITATIONS

1. This Order shall not affect:

   a. Any party's right to object to any discovery demand on any ground;

   b. Any party's right to seek an order compelling discovery with respect to any discovery demand; or

   c. Any party's right to object to the admissibility of any information on any ground.

This 12th day of December, 2008.

BY THE COURT:

_____
Michael J. Watanabe
U.S. Magistrate Judge
District of Colorado

SUBMITTED BY:

/s/ Tod Sawicki
John A. Hutchings
DILL DILL CARR STONBRAKER &
HUTCHINGS, PC
455 Sherman Street, Suite 300
Denver, Colorado 80203
Phone: (303) 777-3737
Facsimile: (303) 777-3823
jhutchings@dillanddill.com

Theodore J. Sawicki
Ambreen A. Delawalla
*Admitted Pro Hac Vice*
ALSTON & BIRD LLP

1201 W. Peachtree St.
Atlanta, GA 30309
Phone: (404) 881-7000
Facsimile: (404) 881-7777
tod.sawicki@alston.com
ambreen.delawalla@alston.com

*Attorneys for Plaintiff*


　　/s/ John Courtade (w/ express permission)
John Courtade
4408 Spicewood Springs Road
Austin, Texas 78759
Phone: (512) 502-1135
Facsimile: (512) 502-1135
johncourtade@johncourtade.com

Alan C. Friedberg
Pendleton, Friedberg, Wilson & Hennessey, P.C.
1875 Lawrence Street, 10th Floor
Denver, Colorado 80202-2898
Phone: (303) 839-1204 x701
Facsimile: (303) 831-0786
afriedberg@penberg.com

*Attorneys for Defendants*

EXHIBIT "A"

## UNDERSTANDING AND AGREEMENT REGARDING INFORMATION DESIGNATED CONFIDENTIAL

I hereby state that I have read and received a copy of the Order Regarding Confidentiality And Inadvertent Production Of Privileged Documents in the case of ROYAL ALLIANCE ASSOCIATES, INC., Plaintiff, v. GEORGE R. JOYCE, et al., Defendants, in the United States District Court, District of Colorado, Civil Action No. 1:08-cv-02086-PAB-MJW.

I understand the terms of that Order and agree to be bound by its provisions. I also consent to personal jurisdiction of the Court with respect to enforcement of the Order.

Dated:_____

_____
Signature

_____
Printed Name

_____
Address
_____
_____